MEMORANDUM **
Narinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.
 The BIA did not abuse its discretion in denying Singh’s second motion to reopen as number-barred and untimely because it was filed over three years after the BIA’s final order, see 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish grounds for equitable tolling, see Iturri-barria, 321 F.3d at 897 (equitable tolling is available “when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence”). Moreover, Singh is barred from adjustment of status because he failed to depart pursuant to a grant of voluntary departure. See 8 U.S.C. § 1229c(d)(l)(B) (alien who fails to abide by grant of voluntary departure shall be ineligible for adjustment of status for 10 years); de Martinez v. Ashcroft, 374 F.3d 759, 763-64 (9th Cir.2004).
The BIA also did not abuse its discretion in denying Singh’s motion to reopen based on changed country conditions in India because Singh did not provide any new country conditions evidence. See 8 C.F.R. § 1003.2(c)(3)(h).
We lack jurisdiction to review the BIA’s decision declining to exercise its sua sponte authority to reopen proceedings. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
Singh’s remaining contentions are not persuasive.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.